MINOS D. MILLER, Jr., Judge pro tem.
This is an appeal by Phoenix Insurance Company of Hartford, Connecticut, surety on a bond issued by it to the partnership of Robert B. Gibbens and Elmore Gibbens, d/b/a Gibbens Brothers Construction Company, from a judgment rendered in favor of Louisiana Industries, Inc., and against the Phoenix Insurance Company of Hartford, Connecticut and Gibbens Brothers Construction Company, jointly and in solido. The judgment was rendered in the principal sum of $733.75, which amount represents the price of materials delivered by plaintiff to Gibbens Brothers Construction Company and used in the construction of improvements at premises 3224 North Labarre Drive, Jefferson Parish, Metairie, Louisiana. Defendants, Robert D. Gibbens and Elmore Gibbens d/b/a Gibbens Brothers Construction Company did not appeal from said judgment.
The facts show that on or about March 24, 1959, plaintiff sold and delivered to Gib-bens Brothers Construction Company, 4,000 Mojave brides, which bricks were installed by Gibbens Brothers Construction Company in a building constructed at 3224 Labarre Road, Metairie, Louisiana, referred to as the Pittman job. The agreed price for these bricks was $733.75, and that amount has never been paid.
There is some testimony in the record indicating that a building contract had been entered into between Gibbens Brothers Construction Company and the property owners, a certain Pittman, and that this building contract together with the bond issued by defendant Phoenix Insurance Company of Hartford, Connecticut, were recorded in the Public Records of Jefferson Parish, Louisiana. There is further testimony in the record to the effect that the contract was accepted, the acceptance thereof was filed for record on August 6, 1959 and the contract subsequently cancelled on September 10, 1959. The contract, the bond, and the *632 work acceptance were not filed in the record, however, John J. Hainkel, district claims manager for Phoenix Insurance Company testified that a bond was issued by Phoenix guarantying payment to material-men and laborers, furnishing materials and labor to Gibbens Brothers Construction Company on this particular job.
Following the contractor’s default for the payment of the materials delivered to the job, Mr. R. B. Rosborough, credit manager for Louisiana Industries, Inc., undertook negotiations with John J. Hainkel, staff adjuster for Phoenix Insurance Company of Hartford, Connecticut, in order to secure payment of this claim. These negotiations culminated in an agreement between plaintiff and defendant bonding company, evidenced by letter and release, dated June 30, 1960, which letter and release are set out as follows:
“Louisiana Industries, Inc.
415 St. Patrick Street
New Orleans 19, Louisiana
“Re: Gibbens Bros. Const. Co.
00 BP 06853-1
D/L 12/59
“Gentlemen:
“Attached hereto is a release form, which should be executed by your firm. If you will have same signed by the proper person in authority with the signature properly witnessed and return to the writer, our draft to cover will be forwarded.
“Yours very truly,
“/s/ J. J. Plainkel
“J. J. Hainkel
“Staff Adjuster”
“JJH: wt
“Enel.
“cc: Home Office”
“The release reads as follows:
“June 30, 1960
“In consideration of the payment of Seven Hundred Thirty Three and 75/100ths ($733.75), said payment is hereby acknowledged. I agree to hold that Phoenix Insurance Company of Hartford, Connecticut, and Elmore Gib-bens, harmless for any claims — past, present, or future relating to any outstanding bills for the Pittman job, said job bonded by the said Phoenix of Hartford Insurance Company.
“By /s/ R. B. Rosborough”
“Witness:-
“Witness:-■”
Mr. Rosborough duly executed the aforementioned release and returned it to defendant, Phoenix Insurance Company, however, said defendant never did issue payment as agreed to in these documents. Thereafter, on November 7, 1960, plaintiff filed this suit seeking to recover from Gib-bens Brothers Construction Company, the contractor, annd Phoenix Insurance Company of Hartford, Connecticut, the bonding company, the sale price for these materials. Defendant, Phoenix Insurance Company of Hartford, Connecticut filed a plea of prescription based on the fact that the suit by plaintiff herein was filed more than one year subsequent to the date of the recordation of the acceptance of the work.
Defendant, Phoenix Insurance Company further filed a third party petition seeking to recover judgment against Gibbens Brothers Construction Company for whatever sums they may be condemned to pay to plaintiff in these proceedings. The record does not disclose any judgment having been rendered in the third party action, hence this problem is not before us for a decision at this time.
There is some conflict in the testimony, to. the extent that Hainkel, defendant-appellant’s adjuster, claims that it was understood that the payment of the draft in accordance with the provisions of the June 30, 1960 release was contingent upon the approval of Gibbens Brothers Construction Company as to the correctness of the account. This is denied by plaintiff-appellee’s, witness, R. B. Rosborough. There is no-doubt, however, that Rosborough was aware that defendant-appellant was attempting to get clearance from Mr. Gibbens because- *633 on August 30, 1960, he sent Hainkel the following letter:
“August 3, 1960
“The Phoenix of Hartford
Insurance Companies
315 California Bldg.
1111 Tulane Avenue
New Orleans 12, Louisiana
“Attn:
J. J. Hainkel, Staff Adjuster
“Re: Gibbens Bros. Const. Co.
OO BP 06853-1
D/L 12/59
“Gentlemen:
“On July 6, we returned to you properly signed, release on the above debt- or’s account. You, at that time stated a check would be forwarded to us at an early date, and when I contacted you on July 25, you stated you expected clearance from Mr. Gibbens within the next day or so.
“We will appreciate it very much if you will forward us your check by return mail so that we can close this account from our records.
“Yours very truly,
“/s/ R. B. Rosborough
“Credit Manager”
In its appeal, Phoenix Insurance Company relies principally on the following two specifications of error:
“(1) The trial court erred in failing to recognize that there was a written contract which was duly recorded; that subsequently there was an acceptance recorded and that this suit was brought more than one year after such acceptance.
“(2) The trial court was in error in admitting evidence of compromise discussions over objection of counsel for the surety.”
Since the trial court did not favor us with written reasons for judgment, we do not know that she failed to find that there was a duly recorded written contract, a duly recorded work acceptance, and that suit was filed more than one year subsequent to the recorded work acceptance. For the reasons hereinafter stated, we are of the opinion that it makes no difference to the decision of this case, if or when the contract and work acceptance were recorded.
While it is true that compromise discussions are not admissible in evidence for the purpose of establishing liability, we find nothing in the record that shows any compromise discussions or agreements were ever had between the parties to this lawsuit. The amount due to plaintiff-ap-pellee is $733.75, and the amount offered plaintiff-appellee by defendant-appellant in consideration for a full release is $733.75. It is well settled, there can be no compromise agreement unless there exists between the parties, a dispute as to the amount due. See Reid v. J. P. Florio and Co., Inc., La.App., 172 So. 572; Aronson v. Pailet, La.App., 173 So. 545; Breeland v. Kenner, La.App., 174 So. 678, and Green v. National Life and Accident Co., Inc., La.App., 183 So. 604. Moreover, if the letter and release of June 30, 1960 could be considered a compromise, it would be determinative of the litigants’ rights in this matter and would be admissible in evidence. LSA-C.C. Article 3078. Consequently the court did not err in admitting the letter and release, both dated June 30, 1960, in evidence.
When read together, the letter and release are free of ambiguity. It is simply an unconditional offer by defendant-appellant to pay plaintiff-appellee $733.75 for a complete release from plaintiff-appellee. Even if we adopt the view most favorable to defendant-appellant and modify this written agreement to suspend the obligation of payment until Gibbens acknowledged the correctness of the account, we would still have to hold that the agreement is a valid contract between the parties to this suit, which lacks only the happening of the condition to make the contract executory.
*634 At the beginning of the trial the attorney representing Gibbens Brothers Construction Company admitted that the materials forming the basis of plaintiff-ap-pellee’s claim had been received and had not been paid for. Therefore, even if the agreement was made subject to the approval of Gibbens Brothers Construction Company as to the correctness of the account, this condition was satisfied when the admission was made. The offer and acceptance of June 30, 1960 is consequently valid and binding between the parties and is sufficient to novate the prior obligation owed to plaintiff-appellee by defendant-appellant for the satisfaction of the mate-rialmen’s privilege under the bond issued to Gibbens Brothers Construction Company. As such it is subject to the ten year prescription provided for under LSA-Civil Code, Article 3544. Defendant-appellant’s plea of prescription of one year under LSA-R.S. 9:4814 is consequently not applicable.
For these reasons the judgment of the lower court is affirmed at appellant’s costs.
Judgment affirmed.