335 So.2d 709 (1976)
Marshall M. JONES et ux., Plaintiffs-Appellants,
v.
THARPE BROTHERS BUILDERS, INC., Defendant-Appellee.
No. 12939.
Court of Appeal of Louisiana, Second Circuit.
July 7, 1976.
Rehearing Denied August 3, 1976.
*710 Morelock, Egan & Cook by Reuben W. Egan, Shreveport, for plaintiffs-appellants.
Kitchens, Benton & Kitchens by Graydon K. Kitchens, Jr., Minden, for defendant-appellee.
Before BOLIN, MARVIN and JONES, JJ.
En Banc. Rehearing Denied August 3, 1976.
BOLIN, Judge.
Marshall and Helen Jones sue for damages allegedly resulting from defective workmanship performed by Tharpe Bros., Inc., under a contract to remodel the Joneses' home. The lower court decided the Joneses had compromised their claim and they appeal. We affirm.
Appellants contend the defects of which they now complain were not discoverable until after the compromise. The issue is: did plaintiffs intend to compromise all claims arising out of the defective workmanship?
The Joneses decided to repair and remodel their home and contacted Tharpe Bros., Inc., about doing the work. After preliminary discussion as to the nature and extent of the work to be done, Tharpe wrote Jones a letter agreeing among other things to enclose the carport, add a den and fireplace, and to do the necessary finishing work for this repair and enlargement. Tharpe agreed to do the job on a "cost plus" basis.
The Joneses having accepted Tharpe's proposal, Tharpe began work on the job. During the course of the construction which lasted several months, the Joneses made numerous complaints to Tharpe about such things as poor workmanship, lack of supervision, and the laborers not working. When Tharpe thought the work was finished he notified the Joneses and asked that the unpaid balance under the contract be paid. The Joneses thought the bill was excessive and refused to pay. After much discussion and some delay Tharpe agreed to discount his bill approximately twenty percent and Mrs. Jones gave Tharpe a check for the reduced balance. On the face of the check was written "Payment in full for material and laboragreement reached on disputed total". This check was accepted by Tharpe who gave the Joneses a letter stating he had been paid in full for the work.
The Joneses claim that, after they paid Tharpe, defects in the construction became apparent to them for the first time. This suit is for the amount they say it will cost to correct and repair these defects. Tharpe contends the defects were discussed before the check for final payment was given.
We find no disputed legal questions. Louisiana Revised Civil Code Article 3071 provides:
A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing. This contract must be reduced into writing.
For cases interpreting the above article see Pipes v. Jesse F. Heard & Sons, Inc., 258 So.2d 187 (La.App. 2d Cir. 1972); Linda Mercantile Corp. v. Bowers, 230 So.2d 302 (La.App. 1st Cir. 1969, writ refused 1970).
In this case the only disputed element of a compromise is mutual consent. This can only be determined by examining the actions of the parties and the facts surrounding the asserted compromise. The trial judge found the Joneses had good reason for being dissatisfied with Tharpe's work. He found that before the settlement the Joneses complained about the workmanship and the total number of labor hours which culminated in the dispute *711 as to the total amount owed. He further found that in order to settle this dispute Tharpe agreed to accept an amount less than the total bill; that the compromise was mutually agreed to by the parties and was binding on both.
We agree with the conclusion and findings of the lower court. We further find that complaints about the specific items made the basis of this suit were elements considered when the parties resolved their dispute by the compromise; that Tharpe had attempted to correct these defects before he accepted the Joneses' check. We find that Tharpe has established all the elements of a compromise.
The judgment is affirmed at appellants' cost.