399 So.2d 667 (1981)
Alan A. TROY
v.
Henry N. BRETZ, Jr. (Bretz Builders).
No. 14142.
Court of Appeal of Louisiana, First Circuit.
May 26, 1981.
*668 Alan A. Troy, in pro. per.
Chapman L. Sanford, Baton Rouge, for defendant-appellant.
Before COVINGTON, CHIASSON and LEAR, JJ.
COVINGTON, Judge.
This is an appeal by a building contractor, Henry N. Bretz, Jr. (Bretz Builders), from a judgment in favor of a homeowner, Alan A. Troy, in the amount of $1,549.07, with legal interest and costs. We affirm.
This action began as a breach of contract suit brought by the homeowner, Mr. Troy, against the contractor, Mr. Bretz. The parties entered into a written contract dated December 29, 1978, by which the contractor agreed to make certain home repairs, for $3,200.00, brought about by water leaking for a period of time into Troy's house from an area near the bathroom window. The evidence showed that Troy and Bretz looked over the leakage problem and that the homeowner pointed out that the leak was a chronic problem and, in effect, it was up to the contractor to ascertain the problem and make the necessary repairs to fix the leak, for a definite price. The contractor entered into the agreement and undertook the repairs. After completion of the repairs, Bretz received payment of the contract *669 price. However, shortly thereafter, the leak reappeared in the same location.
Subsequently, the contractor refused to make any further attempt to repair the leak; however, he did agree to allow Troy to get certain flashing installed in the window area (which Bretz recommended as a solution to the problem) and agreed to pay half the cost of the flashing work. Despite the addition of the flashing, the leak continued to be a problem. Finally, Mr. Troy employed Carl Micheli to make the necessary repairs to stop the leak at a cost of $1,549.07.
It is implied in every building contract that the work of the contractor (builder) will be in a good, workmanlike manner, free from defect either in material or workmanship. Standard Roofing Company, Inc. v. Ragusa Brothers, Inc., 338 So.2d 119 (La.App. 1 Cir.1976); Nichols Ford Company, Inc. v. Hughes, 292 So.2d 345 (La.App. 2 Cir.1974).
The basic law in regard to a contractor's liability for failure to perform properly a building contract is found in LSA-C.C. art. 2769, as follows:
"If an undertaker fails to do the work he has contracted to do, or if he does not execute it in the manner and at the time he has agreed to do it, he shall be liable in damages for the losses that may ensue from his non-compliance with his contract."
The plaintiff claims that he contracted with the defendant to perform several items of home repair, one of which was to determine the source of and repair a leak in the vicinity of a bathroom window, but that the defendant breached the contract. The defendant's position is that the leak was a roof leak rather than a window leak; and that the homeowner compromised by accepting half of the cost of installing the flashing.
The thrust of the defense is that there was no agreement between Troy and Bretz because it was not contemplated that extensive repairs to roof and siding would be required to fix the leak. We find the evidence shows the object of the undertaking contracted by the defendant was to stop the existing leak. If the cause of the leak was the roof, the defendant should have noticed it and declared it to the plaintiff. The evidence shows that the defendant failed to make the repairs in a workmanlike manner; and thus, he breached the contract with Troy and is liable in damages therefor.
On the question of compromise, we find that the evidence does not support the defendant's contention on this issue. LSA-C.C. arts. 3071 and 3073.[1] It is clear from the testimony of Mr. Troy that the compromise was in regard to certain flashing work that Mr. Bretz recommended as a possible solution to the leakage problem, and not to the leakage problem. A compromise only extends to the differences which the parties intended to include therein. LSA-C.C. art. 3073.
The case of Jones v. Tharpe Brothers Builders, Inc., 335 So.2d 709 (La.App. 2 Cir. 1976), relied on by the defendant, is factually distinguishable. In Jones, there were complaints of defects prior to the final payment and the contractor agreed to accept a lesser amount in settlement. There was no such agreement here.
*670 We find the damages awarded by the trial court proper, in line with the law, and supported by the evidence. Under LSA-C.C. art. 1934, such damages are recoverable as reasonably contemplated by the parties.
For the assigned reasons, the judgment appealed is affirmed at the appellant's costs.
AFFIRMED.
NOTES
[1] Art. 3071:

"A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
"This contract must be reduced into writing."
Art. 3073:
"Transactions regulate only the differences which appear clearly to be comprehended in them by the intention of the parties, whether it be explained in a general or particular manner, unless it be the necessary consequence of what is expressed; and they do not extend to differences which the parties never intended to include in them.
"The renunciation, which is made therein to all rights, claims and pretensions, extends only to what relates to the differences on which the transaction arises."