517 So.2d 911 (1987)
James R. BOUDREAUX, Plaintiff-Appellant,
v.
Alcide LeBLANC and Viking Insurance Company, Defendants-Appellees.
No. 86-868.
Court of Appeal of Louisiana, Third Circuit.
October 7, 1987.
*912 Jones, Jones & Alexander, Michael Bercier, Cameron, for plaintiff-appellant.
Plauche, Smith & Nieset, A.R. Johnson, IV, Lake Charles, for defendants-appellees.
Before DOMENGEAUX, GUIDRY and DOUCET, JJ.
DOMENGEAUX, Judge.
The plaintiff, James R. Boudreaux, brought this suit to recover damages he sustained when a car ran into the motorcycle he was riding. The defendants are Alcide LeBlanc, the driver of the car, and Viking Insurance Company, Mr. LeBlanc's liability insurer. Defendants filed a peremptory exception of res judicata, alleging plaintiff had compromised his claim and released the defendants from further liability. Plaintiff appeals from the district court's judgment, sustaining defendants' exception and dismissing his suit at his costs. We affirm.
As James Boudreaux was riding his motorcycle on December 22, 1984, he was struck by a car driven by Alcide LeBlanc. After the accident, Thomas G. Lamparter, a claims adjuster for Viking, contacted Mr. Boudreaux to begin the process of adjusting his claim. After this initial contact, Mr. Lamparter hired Huey Littleton Claims Service to appraise the cost of repairing Mr. Boudreaux's motorcycle. Upon recommendation of the appraiser, and at Mr. Lamparter's request, Viking issued to Mr. Boudreaux a check for $1,533.13, dated January 11, 1985, to cover the cost of repairs to his motorcycle. At the time this draft was issued, Mr. Boudreaux had not yet seen a doctor concerning any personal injuries he may have received, and the draft covered only damages to the motorcycle.
On January 28, 1985, Mr. Boudreaux and Mr. Lamparter discussed Mr. Boudreaux's additional claims. Mr. Lamparter subsequently received a letter, dated February 4, 1985, from Mr. Boudreaux, which included an itemized list of damages and copies of medical bills. The letter also stated "I feel I should also be compensated for the pain & discomfort I received." On February 25, 1985, Mr. Lamparter again talked with Mr. Boudreaux concerning his claim. Mr. Lamparter testified that, during this conversation, he offered to settle Mr. Boudreaux's entire claim, including damages for personal injury, for $1,000.00, and that Mr. Boudreaux agreed. Mr. Boudreaux testified, on the other hand, that Mr. Lamparter offered to settle the medical expenses incurred to that date, plus additional compensation for property damage not yet received.
After this conversation, Viking issued another check, dated February 26, 1985, at Mr. Lamparter's request, for the amount of $1,000.00. The back of the check contained the following statement: "IN FULL AND COMPLETE SETTLEMENT OF ALL CLAIMS AS DESCRIBED ON REVERSE SIDE." Mr. Boudreaux signed the check below this statement. The front of the check contained this statement: "In full and complete settlement of all claims against Alcide LeBlanc concerning the Accident *913 of 12/22/84 at or near Cameron, Louisiana."
Mr. Lamparter also had a separate general release agreement sent to Mr. Boudreaux, which he refused to sign.
On March 8, 1985, Mr. Boudreaux once again called Mr. Lamparter and told him that additional repairs to his motorcycle were necessary. After having the motorcycle reappraised, Mr. Lamparter issued to Mr. Boudreaux a check, dated March 27, 1985, for the amount of $344.87, to pay for the additional repairs. No release language was contained on this check.
After Mr. Lamparter issued the March 27, 1985 check, he had no further contact with Mr. Boudreaux until he received notice of this suit, which Mr. Boudreaux filed on November 21, 1985, requesting damages due to pain and suffering, medical expenses and loss of wages.
Defendants filed a peremptory exception of res judicata in response to Mr. Boudreaux's suit. Defendants contend that Mr. Boudreaux entered into a compromise settlement and release of Viking and Mr. LeBlanc from further claims, based on his endorsement of the February 26, 1985 check for $1,000.00.
The trial court sustained the defendant's exception and dismissed plaintiff's suit. The district court did not give reasons for its ruling.
On appeal, Mr. Boudreaux contends that the district court erred in sustaining the exception of res judicata, arguing that there was no mutual consent to compromise Mr. Boudreaux's personal injury claim, and that the purported release was entered into due to error.
Under Civil Code Article 3071 a transaction or compromise is an agreement between two or more persons, who adjust their differences by mutual consent for preventing or putting an end to a lawsuit.
The scope of such an agreement is regulated by Civil Code Article 3073, which states:
Transactions regulate only the differences which appear clearly to be comprehended in them by the intention of the parties, whether it be explained in a general or particular manner, unless it be the necessary consequence of what is expressed; and they do not extend to differences which the parties never intended to include in them.
The renunciation, which is made therein to all rights, claims, and pretentions, extends only to what relates to the differences on which the transaction arises.
The effect of a compromise between the parties is stated in Civil Code Article 3078:
Transactions have, between the interested parties, a force equal to the authority of things adjudged. They cannot be attacked on account of any error in law or any lesion. But an error in calculation may always be corrected.
Civil Code Article 3079 further provides:
A transaction may be rescinded notwithstanding, whenever there exists an error in the person or on the matter in dispute, it may likewise be rescinded in the cases where there exists fraud or violence.
Also, whether parties mutually consented to compromise can only be determined by examining the actions of the parties and the facts surrounding the asserted compromise. Jones v. Tharpe Brothers Builders, Inc., 335 So.2d 709 (La.App. 2nd Cir.1976).
The defense of compromise may be properly raised through the peremptory exception of res judicata. Salling Whiping Cloth Company, Inc. v. Sewell, Inc., 419 So.2d 112 (La.App. 2nd Cir.1982).
The purported release and compromise in this case resulted when Mr. Boudreaux endorsed and subsequently cashed the February 26, 1985 check for $1,000.00. At that time Mr. Boudreaux had already received $1,533.13 as payment for repairs to his motorcycle. He had sent Mr. Lamparter a letter listing damages and expenses incurred as a result of the accident. The list included medical expenses, additional property damages, and lost wages. The total of the damages Mr. Boudreaux listed, as valued by him, amounted to $751.60. Additionally, Mr. Boudreaux indicated *914 in his letter that he felt he should be compensated for the "pain & discomfort" he received. Mr. Lamparter testified that, on February 25, 1985, he discussed these claims with Mr. Boudreaux and offered him $1,000.00 as a settlement. This was two months after the accident had occurred. It is apparent from the list of damages and testimony that, at that time, Mr. Boudreaux's injuries did not seem to be severe. Also, when Mr. Boudreaux contacted Mr. Lamparter on March 8, 1985, concerning additional repairs to his motorcycle, he did not mention the claim for personal injuries, medical expenses or lost wages. Also, Mr. Boudreaux did not contact Viking concerning additional claims for personal injury until he filed this suit, almost eight months after he received his third check from Viking.
We also note that Viking was not in a position to take advantage of Mr. Boudreaux. Mr. Boudreaux has a high school education, is employed in a supervisory position, and has had occasion to negotiate with insurance companies on two prior instances as a result of accidents. Furthermore, he endorsed and cashed the February 26, 1985 check more than two months after the accident occurred.
The numerous cases cited by Mr. Boudreaux are readily distinguishable. For instance, in Moak v. American Automobile Insurance Company, 242 La. 160, 134 So.2d 911 (1961), the plaintiffs were paid $242.00, in connection with a release, for the destruction of contents to their car which occurred in a collision with a train. The court found it significant that the sum paid coincided exactly with that owed on the destroyed property; that the sum paid was extremely small in view of the injuries known at that time, which included the complete severance of a finger; and that settlement of the personal injury claim was not discussed during the negotiations.
In this case the sum paid was greater than the damages Mr. Boudreaux listed in his February 4, 1985 letter. The sum paid was not extremely small in light of the injuries Mr. Boudreaux was known to have suffered. At that time Mr. Boudreaux had seen a doctor and was aware generally of the extent of his injuries. Also, Mr. Boudreaux had discussed his personal injury claim with Mr. Lamparter during the negotiations, and had specifically requested compensation for his pain and discomfort in his February 4, 1985 letter.
In light of the circumstances surrounding the compromise and release, and considering the actions of the parties at that time, we do not conclude that the district judge was manifestly erroneous in sustaining defendant's peremptory exception of res judicata. The evidence supports a finding that the parties mutually consented to the compromise and that there was no error concerning the matter in dispute.
For the above and foregoing reasons the judgment of the district court is affirmed.
Costs on appeal are assessed against the plaintiff.
AFFIRMED.