LABORDE, Judge.
Plaintiff, Jimmy Dearman, appeals the decision of the trial court sustaining defendant’s, Mallard Bay Drilling, Inc., exceptions of no cause of action and res judicata in this Jones Act case concerning a release and a loss of consortium claim by the injured seaman’s wife and children. Finding no error on the part of the trial court, we affirm.
FACTS
Plaintiff, Jimmy Dean Dearman (Mr. Dearman), a Mississippi resident, was hired by defendant, Mallard Bay Drilling, Inc. (Mallard) as a roustabout aboard a jack up rig located in Mobile Bay, Alabama. On June 26, 1990, Mr. Dearman injured his back while picking up a hydraulic pump. On July 2, 1990, Mr. Dearman asked to see a physician and ultimately saw an orthopedic surgeon, Dr. James A. West, III. Mr. Dearman completed a spinal questionnaire provided by the doctor’s office. He complained of lumbar pain. Dr. West examined Mr. Dearman twice and took x-rays, he found no radicular symptoms and diagnosed Mr. Dearman as having a lumbar strain and treated Mr. Dearman conservatively. At Mr. Dearman’s request for a second opinion, Dr. West referred Mr. Dearman to another orthopedic surgeon, Dr. Guy Rutledge.
Dr. Rutledge examined Dearman on July 9, 1990 and made no objective findings to substantiate Mr. Dearman’s complaints of back pain. Dr. Rutledge stated in deposition that Mr. Dearman specifically requested several medical tests by name such as the myelogram, an MRI and a CAT scan. *867 All such tests were normal. The MRI showed a bulging disc, but Dr. Rutledge explained that this was normal for Mr. Dearman’s age. Dr. Rutledge released Mr. Dearman to return to work with a final diagnosis of lower back sprain, but Mr. Dearman did not return to work and continued to complain of lower back pain.
On August 10, 1990, Mr. Dearman saw another orthopedic surgeon, Dr. Edmund Dyas, who performed additional diagnostic studies. Dr. Dyas found that the tests showed nothing significant in Mr. Dear-man’s spine and that no surgery was indicated. He discharged Mr. Dearman with a final diagnosis of lumbosacral strain.
Mr. Dearman received weekly payments from Mallard representing maintenance and was given advances of money when he requested them. Additionally, his medical expenses were paid.
Mr. Dearman contacted Mallard requesting settlement of his claims. Mr. Raleigh Fontenot, a claims manager for Mallard, went to Mississippi and entered into settlement negotiations with Mr. Dearman. On September 6, 1990, they agreed upon a mutual settlement of $22,500. Mr. Fonte-not and Mr. Dearman then went to the office of Ken Bullock, an attorney in Laurel, Mississippi, and while under oath before a court reporter, Mr. Dearman entered into a sworn release and was questioned regarding his appreciation of the circumstances of the settlement.
After this settlement, Mr. Dearman hired an attorney who referred him to a fourth orthopedic surgeon in Pascagoula, Mississippi, Dr. Chris Wiggins. Dr. Wiggins discharged Mr. Dearman and testified at trial that there were no “objective significant abnormalities.”
Mr. Dearman filed suit in March of 1991, seeking damages under the Jones Act and general maritime law. His wife and children filed claims for loss of consortium. Mallard filed an exception of res judicata to the claims of Mr. Dearman on the basis that he entered into a settlement and released all of his claims under the Jones Act and general maritime law before the suit was filed. In response to the loss of consortium claims, Mallard filed an exception of no cause of action on the basis that the United State Supreme Court declared there was no cause of action for loss of consortium for the spouse and children of an injured seaman.
After an evidentiary hearing, the trial court sustained both of Mallard’s exceptions with reasons and dismissed all of Mr. Dearman’s claims. After judgment was entered, a motion for new trial was filed on the basis that the judgment dismissing the loss of consortium claims was contrary to the law and secondly, that the peremptory exception of res judicata was an improper procedural vehicle by which to assert a release as a defense to Mr. Dearman’s claims. The motion for new trial was denied and Mr. Dearman appealed.
ASSIGNMENT OF ERROR NUMBER ONE
Mr. Dearman alleges the trial court committed manifest error in sustaining Mallard’s exception of res judicata when no judgment had previously been rendered. Mr. Dearman and Mallard entered into a settlement whereby in exchange for releasing Mallard of any liability for future claims Mr. Dearman received consideration in the amount of $22,500. La.Civ.C. art. 3071 states:
Art. 3071. Transaction or compromise, definition
A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form.
*868 Mr. Dearman argues this compromise should not have been barred by “effect of law” under La.R.S. 13:4231 which provides:
§ 4231. Res judicata
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the .plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
However, in Boudreaux v. LeBlanc, 517 So.2d 911 (La.App. 3d Cir.1987), the plaintiff, who was injured when a car ran into the motorcycle he was riding, settled with the driver of the car’s insurance company and then later filed suit for damages. This court stated: “The defense of compromise may be properly raised through the peremptory exception of res judicata.” Mallard was correct to raise the defense of the release through the peremptory exception of res judicata. While La.R.S. 13:4231 was amended after Boudreaux, the comments to the amendment make it clear that the purpose of the amendment was to broaden the interpretation of res judicata in order to implement the purposes of res judicata which is to “foster judicial efficiency and to protect the defendant from multiple lawsuits.” Permitting the defense of compromise to be raised on the peremptory exception of res judicata only fosters this policy. Therefore, the trial court correctly sustained Mallard’s exception of res judicata, and this assignment of error lacks merit.
ASSIGNMENT OF ERROR NUMBER TWO
Mr. Dearman asserts the trial court committed manifest error in sustaining an exception of no cause of action contrary to the law. The trial court sustained Mallard’s exception of no cause of action dismissing Mr. Dearman’s wife and children’s claim for consortium based on Miles v. Apex, 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990). Miles, supra, held that “there is no recovery for loss of society in a general maritime action for the wrongful death of a Jones Act seaman.” The trial court applied this holding to the facts of the instant case where a seaman is non-fatally injured and found Mrs. Dearman and the children unable to recover loss of consortium.
In Michel v. Total Transportation, Inc., 957 F.2d 186 (1992), the wife of a non-fatally injured seaman sought damages for loss of consortium. The Fifth Circuit held that “... damages recoverable in general maritime causes of action for personal injury of a Jones Act seaman do not include loss of consortium”.
Murray v. Anthony J. Bertucci Construction Company, Inc., 958 F.2d 127 (5th Cir.1992), writ denied, — U.S. -, 113 S.Ct. 190, 121 L.Ed.2d 134 (1992), concerned specifically whether Miles, supra, barred the spouse of an injured seaman from recovering loss of society. The Fifth Circuit held that the spouse of an injured seaman has no cause of action for loss of society under the general maritime law or Jones Act. Murray, supra, went further and held that an injured seaman’s children could not recover for loss of society.
Thus, under Michel, supra, and Murray, supra, the trial court did not err in sustaining Mallard’s exception of no cause of action as there is no cause of action for an injured seaman’s spouse and children for loss of consortium under the Jones act or under the general maritime law. Therefore, this assignment of error lacks merit.
*869 DECREE
For the foregoing reasons, the judgment of the trial court in favor of defendant, Mallard Bay Drilling, Inc., is affirmed. All cost of this appeal are to be assessed against plaintiff, Jimmy Dean Dearman, et al.
AFFIRMED.