KLEES, Judge.
The plaintiff/appellee Johnson Rice & Company (“JRCo.”) filed this suit against defendant/appellant Stephen P. Boudreaux (“Boudreaux”). JRCo. alleges in the petition that, pursuant to an agreement made between JRCo. and Boudreaux, Boudreaux owes JRCo. a fee of $187,000.00. Both parties filed motions for summary judgment. On April 23, 1997, the trial judge found no triable issue of material fact and rendered summary judgment in favor of JRCo. for the full amount of the contract — $187,000.00, plus legal interest. Boudreaux filed a motion for New trial which was denied. Thereafter, Boudreaux filed a suspensive appeal from this final judgment.

FACTS

This lawsuit arises out of a written agreement between JRCo. and Boudreaux. In October, 1993, Boudreaux engaged the investment banking services of JRCo. On October 13, 1993, Boudreaux and JRCo. entered into an agreement whereby JRCo. agreed to assist Boudreaux in divesting his minority interest in Flores & Rucks Company (“Flores & Rucks”). Specifically, JRCo. agreed to work toward a sale of Boudreaux’s interest directly to Flores & Rucks. However, because Flores & Rucks showed an unwillingness to “buy out” Boudreaux’s minori *295 ty interest, Boudreaux and JRCo. agreed to also try and sell the interest to a third party. Consequently, on December 21, 1993, Bou-dreaux and JRCo. executed a superseding agreement where JRCo.’s compensation was payable “upon 12closing of the transaction” of Boudreaux’s minority interest.[1] Boudreaux’s only obligation under the agreement was for the payment of JRCo.’s fee — a fee that was due when Boudreaux sold his interest in Flores & Rucks.
JRCo. assisted Boudreaux in preparing for negotiations with Flores and Rucks and preparing valuation analyses of Boudreaux’s stock. Additionally, JRCo. assembled a local team to assist Boudreaux with the disposition of his interest in Flores & Rucks. Further, after Boudreaux was unable to find a third-party buyer for his stock, JRCo. recommended legal counsel for Boudreaux. The legal counsel recommended by JRCo. filed a minority-shareholder suit for Boudreaux against Flores & Rucks. On June 30, 1994, after filing suit, Boudreaux and Flores & Rucks executed the sale/settlement.
After Boudreaux sold his interest in Flores & Rucks, JRCo. made demand upon Bou-dreaux for its fee. However, Boudreaux has refused to pay JRCo.’s fee and stated that he just “doesn’t feel they’ve earned it.” Consequently, on August 24, 1994, JRCo. initiated the instant lawsuit against Boudreaux for the amount of $187,000.00.

ARGUMENT

The issues presented in this appeal is whether the trial court properly granted a summary judgment in favor of JRCo. and against Boudreaux, and holding that JRCo. is entitled to a $187,000.00 fee because of the sale of Boudreaux’s minority interest in Flores & Rucks.
Appellate courts must review summary judgments de novo. The proper standard of review for the appellate court on a summary judgment claim is whether any genuine issues of material fact exists, and whether the mover is entitled to judgment as a matter of law.
Lin Louisiana, the Code of Civil Procedure Article 966 sets forth the law regarding summary judgment. In 1996, the legislature amended Article 966 to proclaim that summary judgments are “favored” and that the rules should be liberally applied. Additionally, in 1997 the legislature again amended Art. 966 and enacted new provisions “with the intention of making it easier for the moving party to obtain summary judgment ... by altering the burdens of proof in favor of the moving party.” Young v. Dupre Transport Company, 97-0591, 700 So.2d 1156 (La.App. 4 Cir. 10/1/97). Consequently, the 1996 and 1997 amendments require courts to change their attitudes when reviewing motions for summary judgment from the attitude required under the pre-amendment jurisprudence which proclaimed just the opposite— that summary judgments were not favored and thus should be strictly construed. Moreover, the Supreme Court has recently held that the 1997 amendment to Article 966 should be applied retroactively. See Kaufmann v. Fleet Tire Service of Louisiana, 97-1428, 699 So.2d 75 (La.9/5/97).
Proeedurally, the court’s first task on a motion for summary judgment is to determine whether the moving party’s supporting documents — pleadings, deposition, answers to interrogatories, admissions and affidavits — are sufficient to resolve all material factual issues. La.Code Civ. Pro. Art. 966(B). If the court finds that the moving party established a prima facie ease that no genuine issues of material fact exists, the party opposing the summary judgment must “produce factual support sufficient to establish that he will be able to satisfy his eviden-tiary burden of proof at trial.” La.Code Civ. Pro. Art. 966(C)(2).
Although this ease arose prior to the August 15, 1997 effective date of the 1997 amendment to the summary judgment law, we find that the summary judgment decree was proper under both the 1996 and 1997 law. In this case, JRCo. established a prima facie ease of breach of contract by Bou-dreaux. The undisputed operative facts are: *296 JRCo. and Boudreaux had a contract; this contract | conditioned payment of JRCo.’s fee upon the sale of Boudreaux’s minority interest in Flores & Rucks; Boudreaux sold his stock to Flores & Rucks on June 30, 1994— prior to the expiration of his contract with JRCo.; and Boudreaux refuses to pay JRCo. the contractual fee. Consequently, because JRCo. established a prima facie case for summary judgment, Boudreaux then has the burden of producing evidence sufficient to create a material fact issue.
First, Boudreaux, in his appellate brief, alleges that JRCo. was required to perform each of the acts set forth in the contract in order to be entitled to a fee. Specifically, Boudreaux argues that the contract required JRCo. (1) to assist in the sale negotiations, and (2) to work toward the timing, valuation, structuring and closing of the transaction. However, Boudreaux failed to raise this argument in the trial court. Bou-dreaux’s only argument in the trial court was that JRCo. did not perform certain obligations under the contract — not that JRCo. was required to perform all of the alleged tasks in the agreement. Consequently, this court is precluded from considering the matter because the argument, as well as the evidence supporting the argument, is not in the record. See Robinson v. Abraham, 582 So.2d 1341, 1346 (La.App. 4 Cir.1991).
Additionally, even if Boudreaux’s contentions are appropriate and correct, this court finds that under the clear terms of the contract, JRCo. is entitled to the fee. As set forth in the Civil Code, “[w]hen the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent.” La. Civ.Code art. 2046. The contract clearly requires that JRCo. act as a financial advisor and “exclusive representative throughout the transaction.” Further, the contract states “that payment of the fee would be contingent upon closing of the transaction and would be payable at the time of such closing.”
| gSecond, Boudreaux alleges that, as a procedural matter, there are clear disputes of material fact in the record as to JRCo.’s performance and obligations under the contract that make summary judgment inappropriate. Appellant’s argument is without merit.
As stated above, this court finds that the terms of the contract were clear and unambiguous. Consequently, the issue of whether these affidavits are uncontroverted or not is irrelevant. See La. Civ.Code art. 2046[2].

CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court rendering summary judgment in favor of JRCo. and holding JRCo. entitled to the $187,000.00 fee plus legal interest.

AFFIRMED.

. The October 13, 1993 agreement contemplated only a stock sale directly to the shareholders in Flores & Rucks.

. La. Civ. C. art. 2046 states that "[w]hen the word of a contract are clear and explicit and lead to no absurd consequences, not further interpretation may be made in search of the parties intent.”