I,WALTZER, Judge.
Woodrow Wilson Construction Company sued various defendants to recover monies owed under a construction contract. The trial court granted summary judgment awarding Wilson a final payment totaling $230,952, plus interest from date of demand. An individual defendant, Tommaso Buti, appeals the summary judgment
FACTS AND PROCEDURAL HISTORY
Woodrow Wilson Construction Company and Fashion Café, Inc. entered into a construction contract for the building of the Fashion Café in New Orleans, which establishment ceased to exist some two and one-half years after its opening in February 1996. The parties perfected three agreements concerning the construction. Woodrow Wilson Construction originally contracted with Fashion Café, Inc., on 25 January 1996. In January 1996, the parties signed a written construction contract, including an estimated value of the work totaling $1,097,000.00. This agreement also prescribed a specific payment schedule and conditioned payment upon “substantial completion.” A considerable amount of the work performed under this contract was paid for by Fashion Café.
| {.On 16 February 1996, the parties entered a second contract to more specifically outline a payment schedule for the balance due under the original agreement. Moreover, this subsequent written agreement included a change to require payment to Wilson from Fashion Café and/or Tommaso Buti “after fully satisfactory complited [sic] its work under contract and furnish to Fashion ARS hen waivers.” In the February contract, Buti personally agreed to “payment of the remaining sum of $450,000.00, plus all sums for extra work.” In this agreement, Buti personally guaranteed payment. The record contains a document dated 23 February 1996, certifying that regarding the Interior Renovation the “Work performed under the Contract has been reviewed and found to be substantially complete.” Wilson received $150,000 after the February agreement. Work under the construction contract remained either incomplete or unsatisfactory on 4 March 1996. On 30 May 1996, Wilson made demand on Fashion Café and Buti for the balance remaining on the contract, $330,952.
*765 Finally, in September 1996, the parties entered a third agreement concerning final payment under the construction contract. In this verbal agreement, Woodrow Wilson agreed to accept $275,000.00, with Fashion Café and/or Buti paying $50,000 in September and the balance in installments. The contractor received the initial $50,000 payment under this agreement but the $225,000 balance remains outstanding.
On 24 January 1997, Woodrow Wilson filed suit against Fashion Café and Tom-maso Buti for breach of contract. Buti answered the petition and made a|ageneral denial.[1] In his answer, Buti “asserts the affirmative defenses of set off, estoppel, liquidated damages, waiver, failure of consideration.”
Woodrow Wilson moved for summary judgment arguing that Fashion Café and/or Buti owe them additional money under the contract and have refused to pay. They supported this motion with a single affidavit of Mark Wilson, president of the company. Buti opposed the motion with various documents and the affidavit of Celina A. Marset, an officer of Buti Management, Inc. Marset declared that Woodrow Wilson had not provided proof of “final completion” of the work under the contract.
The trial court granted Wilson summary judgment against both Fashion Café and Buti, “jointly, in the amount of $230,952.” Buti appeals this judgment arguing that Wilson did not establish the enforceability of either the September agreement or the February contract. Wilson answered the appeal and asked for damages for frivolous appeal.[2]
STANDARD OF REVIEW
Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine the appropriateness of summary judgment. Micele v. CPC of Louisiana, Inc., 98-0044 (La.App. 4 Cir. 3/25/98); 709 So.2d 1065, 1067, writ denied 98-1116 (La.6/5/98); 720 So.2d 686. Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a [¿matter of law. LSA-C.C.P. art. 966 B. The burden of proof remains with the mover. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action or defense. LSA-C.C.P. art. 966 C(2).

ASSIGNMENT OF ERROR: The trial court erred by granting Woodrow Wilson summary judgment and awarding $230,-952 for breach of contract.

Wilson sued to recover final payment under the construction contract. The trial court found that Buti and Fashion Café breached the agreement with Wilson and ordered payment. Essentially, Buti argues that the September oral agreement is unenforceable pursuant to LSA-C.C. art. 3071 and that Wilson failed to prove the enforceability of the February contract, without offering evidence of “completion” of construction.
Both the September agreement and the February contract concern final payment under the construction contract. Wilson alleges that in September 1996, Woodrow Wilson agreed to accept $275,000 in full payment for the work in consideration of Fashion Café and/or Buti paying *766 $50,000 in September and the $225,000 balance in monthly payments before 25 December 1996. Buti filed a general denial in answer to Wilson’s petition. Essentially, Buti denied the existence of the September agreement. Although plaintiffs are correct in stating that Buti did not specifically allege that the September agreement was unenforceable in his answer, his denial of its existence is sufficient to allow the argument on appeal. Garden Hill Land Corp. v. Succession of Cambre, 306 So.2d 718, 723 (La.1975). Plaintiff has the burden of proving the existence of an enforceable contract. Felder v. Georgia Pacific Corp., 405 So.2d 521, 523 (La.1981). For a transaction or compromise to be enforceable, such a contract “must be either reduced into writing or recited in open court.” LSA-C.C. art. 3071. Because proof of the requirements of LSA-C.C. art. 3071 must be born by Wilson, we cannot say that Buti waived an affirmative defense under LSA-C.C.P. art. 1005.
Although Wilson contends on appeal that the requirements of LSA-C.C. art. 3071 were satisfied, we find no evidence of any writing in the record on appeal. Furthermore, Wilson argues that the requirements pertaining to transactions and compromises do not apply, since Buti failed to offer any evidence that a “dispute” existed between the parties. Louisiana Industries Inc., v. Gibbens Brothers Construction Co., 144 So.2d 630, 633 (La.App. 4 Cir.1962). To determine whether a dispute existed, we must consider “the actions of the parties and the facts surrounding the asserted compromise.” Jones v. Tharpe Brothers Builders, Inc., 335 So.2d 709, 710 (La.App. 2 Cir.1976). In an affidavit attached to Buti’s opposition to Wilson’s motion for summary judgment, an employee of Buti Management, Inc., stated that the parties entered negotiations after the February agreement about final payment and final completion of the work. Moreover, numerous documents in the record indicate that both Wilson and Buti corresponded about unsatisfactory or incomplete work after the certificate of substantial completion and the February agreement. The record contains sufficient evidence to determine that a dispute existed between the parties over the work performed under the contract and the amount owed in final payment For these reasons, we find the requirements of LSA-C.C. art. 3071 apply to the September agreement. The record contains no evidence that these requirements have been | ^satisfied. For these reasons the trial court erred in granting summary judgment and finding that Buti breached the September agreement.
We consider the summary judgment for breach of the February agreement. Buti argues that Wilson did not prove fulfillment of a condition of the February contract. The parties do not contest that the February agreement conditioned final payment upon satisfactory completion of the work under the original construction contract. For a contract subject to a condition to be enforceable, the party urging enforcement must prove fulfillment of the condition. Johnson Rice & Company v. Boudreaux, 97-1773 (La.App. 4 Cir. 2/25/98); 710 So.2d 294, 295-96. Although the record contains a certificate of substantial completion, dated February 1996, concerning the internal renovation of the Fashion Café, numerous documents included in the record reflect that the parties, both Wilson and Buti, corresponded about unsatisfactory and incomplete work after this certification. Because the record contains conflicting evidence about proof of fulfillment of a condition of enforcement of the February agreement, we conclude that the trial court erred in granting summary judgment.
CONCLUSION
For the above reasons, we reverse the summary judgment against Buti and remand the matter for proceedings consistent with this opinion.
REVERSED AND REMANDED.

. Fashion Café answered the petition, but it neither defended against the summary judgment nor appealed the judgment against it.

. For the reasons discussed in this opinion, we need not address Wilson's answer to this appeal, requesting damages for frivolous appeal.