422 So.2d 176 (1982)
Daniel D. BROUILLETTE, et al.
v.
CONSOLIDATED CONSTRUCTION COMPANY OF FLORIDA, INC., et al.
No. 15027.
Court of Appeal of Louisiana, First Circuit.
September 24, 1982.
Rehearing Denied December 16, 1982.
Allen R. Boudreaux, Patrick F. McGrew, Baton Rouge, for plaintiff-appellee Daniel D. Brouillette, David F. Schnebel and Fast Foods of Baton Rouge # 2.
Walton J. Barnes, Baton Rouge, for defendant-appellant Consolidated Const. Co. of Florida, Inc., d/b/a Consolidated Const. and Engineering, Inc.
Ray Dawson, Baton Rouge, for defendant-appellant Auto-Owners Ins. Co.
Before ELLIS, PONDER and SAVOIE, JJ.
PONDER, Judge.
Defendants, Consolidated Construction Company of Florida, Inc. and Auto-Owners *177 Insurance Company, appealed from a judgment holding them liable for damages incurred as a result of breaches of three construction contracts. Plaintiffs, Daniel Brouillette and David Schnebelen, appealed that portion of the judgment which failed to recognize the effects of compensation.[1]
We amend and affirm.
The issues before the court are: 1) right of action; 2) estoppel; 3) quantum; and 4) compensation.
On January 12, 1978, plaintiffs entered into a contract with Consolidated Construction for the construction of a Hardee's Restaurant on Sherwood Forest Boulevard. A notice of acceptance of the contract was filed on August 30, 1978.
During construction of the Sherwood Forest restaurant, plaintiffs and Consolidated Construction entered into an agreement to build a second Hardee's Restaurant on Airline Highway. A site contract was executed by the parties on August 28, 1978, and the building contract was signed on September 20, 1978. A letter of acceptance was signed by Daniel Brouillette on January 16, 1979.
On September 13, 1978, Billy Suggs, a Hardee's Restaurant representative, prepared a punch-list for the Sherwood Forest restaurant. Architect Steven Thweatt completed a punch-list for the Airline Highway restaurant on February 28, 1979. The Sherwood Forest Hardee's was inspected for a second punch-list in late April or early May of 1979 by civil engineer, R.L. Bennett. By the time the list was submitted on June 26, 1979, the parties were at odds over balances due and made no further attempts to correct the defects.
Plaintiffs sued Consolidated Construction and its surety, Auto-Owners Insurance Company, for damages resulting from nonperformance of the contracts. Consolidated Construction reconvened for the balances due on the Airline Highway project. Auto-Owners Insurance Company filed a thirdparty demand against Consolidated Construction for any sums it may be liable for under its performance bonds. Judgment was rendered in favor of plaintiffs in the amount of $20,574.68, but limited Auto-Owners Insurance Company's liability to $16,624.68. Judgment was also rendered in favor of Consolidated Construction on its reconventional demand in the sum of $6,586.00 as the balance due on the construction contracts. Judgment was further rendered on the third-party demand for any amount paid the owners, not to exceed $16,624.68.
Defendants allege that the trial court erred in dismissing their peremptory exception of no right of action as to plaintiffs. Defendants contend that because plaintiffs are members of a partnership, Hardee's of Baton Rouge, the partnership is the proper plaintiff in this lawsuit.
The peremptory exception of no right of action raises the issue of whether the plaintiff belongs to that particular class of persons to which the law grants a remedy. Bamber Contractors, Inc. v. Henderson Brothers, Inc., 345 So.2d 1212 (La.App. 1st Cir.1977).
Plaintiffs individually entered into construction contracts with Consolidated Construction. The damages are claimed to be the result to plaintiffs of the breached contracts. The trial judge was not in error in finding that plaintiffs were the proper parties.
Defendants next contend that because plaintiffs unqualifiedly accepted all work by Consolidated Construction, they have waived their right to object to the manner of performance of the contracts and are estopped from claiming damages.
The acceptance of a work without objection, protest or complaint respecting the manner of performance, estops the owner from recovery of damages resulting from defective work. However, acceptance with the understanding that certain defects will be remedied does not bar recovery for the cost of remedying such defects. Hemenway Company, Inc. v. Bartek, Inc. of Texas, *178 373 So.2d 1356 (La.App. 1st Cir.1979) writ denied 376 So.2d 1272 (La.1979); Charles C. Cloy, General Contractors, Inc. v. DiVincenti Brothers, Inc., 308 So.2d 495 (La.App. 1st Cir.1975), writ denied 311 So.2d 262 (La. 1975).
There was an understanding or agreement that the defects complained of and included in the punch-lists would be corrected regardless of the signing of the acceptances. All parties were aware of plaintiffs' dissatisfaction with certain aspects of construction. Plaintiffs believed that the contractor was responsible for delays in construction and they were in a hurry to occupy the premises. Brouillette testified that he was told the letter of acceptance of the Airline Highway job represented substantial completion and had to be signed in order to occupy the building. He said everyone understood that there was an outstanding punch-list.
Joe Bradford, an employee of Consolidated Construction, testified that he had several conversations with Daniel Brouillette regarding the punch-list items for the Airline Hardee's subsequent to occupancy and acceptance, and that punch-lists were a matter of "follow-up." The continued conversations and efforts on the part of the contractor to correct items on the punch-lists after the acceptances, further indicates a qualified acceptance.
Furthermore, the construction contracts themselves warrant the work of the contractor and provide a period of one year for correction of defects.[2] The trial court did not err in finding that plaintiffs' acceptances did not bar their claim for damages.
Defendants argue that the trial judge's estimates for costs of repair were too high.
A contractor's liability for failure to perform a building contract is found in Louisiana Civil Code Art. 2769.[3] An owner seeking to recover from the contractor has the burden of proving both the existence and nature of defects due to faulty materials or workmanship and the cost of repairing the defects. Neel v. O'Quinn, 313 So.2d 286 (La.App. 3rd Cir.1975), writ denied 319 So.2d 440 (La.1975).
Billy Suggs testified for plaintiffs regarding his inspection of the Sherwood Forest restaurant and punch-list. R.L. Bennett, an expert in the field of civil engineering, testified as to his own inspection and punchlist at Sherwood. Architect Steven Thweatt gave testimony concerning the Airline Highway Hardee's and punch-list. The trial judge visited both restaurants after the trial on the merits, to observe and inspect the items in dispute. He rejected those items he found not defective, not included on the punch lists or already corrected by the contractor.
*179 In computing the costs of repair, the trial judge relied on the estimates prepared by plaintiffs' expert, Ronald J. Pennington. Where the owners themselves corrected the defects, the court awarded the actual costs of repair. No other estimates were introduced into evidence.
We find that there is sufficient proof to support the amounts awarded to plaintiffs in all but one instance. As to that item, the trial court awarded $150.00 for replacement tile, but the only estimate in evidence indicated that the cost would be $75.00. This court amends the judgment and awards $75.00 for this item. We find no manifest error as to the other costs of repair.
Plaintiffs' contention that set-off or compensation of judgments should apply as a matter of law because both plaintiffs and defendants are indebted to each other has merit.
Article 2207 of the Civil Code defines compensation as follows:
"When two persons are indebted to each other, there takes place between them a compensation that extinguishes both the debts, ..."
Every compensation implies two payments and is used to avoid the circuitry which would happen if each of two persons had to first pay what he owes and then receive back again what is due himself. Standard Roofing Company, Inc. v. Ragusa Brothers, Inc., 338 So.2d 119 (La.App. 1st Cir.1976); Tolbird v. Cooper, 243 La. 306, 143 So.2d 80 (1962).
In this case, plaintiffs owe Consolidated Construction $6586.00 on the contract price and defendants owe $20,499.68 in damages. Offsetting these mutual debts results in judgment in favor of the plaintiffs in the amount of $13,913.68. Auto-Owners Insurance Company's liability is limited to $9,963.68.[4]
For the above reasons, the judgment of the trial court is amended to award plaintiffs $13,913.68 with Auto-Owners Insurance Company's liability limited to $9,963.68. Plaintiffs' debt is extinguished and the judgment is affirmed in all other respects. Costs are to be cast against defendants.
AMENDED AND AFFIRMED.
NOTES
[1] Plaintiff, Fast Foods of Baton Rouge # 2 is no longer a part of this proceeding.
[2] Paragraph 4.5.1 of the construction and site contracts provides:

The Contractor warrants to the Owner and the Architect that all materials and equipment furnished under this contract will be new unless otherwise specified, and that all work will be of good quality, free from faults and defects and in conformance with the Contract Documents. All work not conforming to these requirements, including substitutions not properly approved and authorized, may be considered defective. If required by the Architect, the Contractor shall furnish satisfactory evidence as to the kind and quality of materials and equipment. This warranty is not limited by the provisions of Paragraph 13.2.
Paragraph 13.2 of those three contracts provides:
13.2.2 If, within one year after the Date of Substantial completion of the work or designated portion thereof or within one year after acceptance by the Owner of designated equipment or within such longer period of time as may be prescribed by law or by the terms of any applicable special warranty required by the contract documents, any of the work is found to be defective or not in accordance with the contract documents, the Contractor shall correct it promptly after receipt of a written notice from the owner to do so unless the Owner has previously given the Contractor a written acceptance of such condition. This obligation shall survive the termination of the contract. The Owner shall give such notice promptly after discovery of the condition.
[3] La.C.C. Art. 2769:

"If an undertaker fails to do the work he has contracted to do, or if he does not execute it in the manner and at the time he has agreed to do it, he should be liable in damages for the losses that may ensue from his noncompliance with his contract."
[4] Auto-Owners Insurance Company, as surety on the two construction contracts is not liable for the $3,950.00 awarded to the plaintiffs under the site contract for the Airline Highway Hardee's.