432 So.2d 393 (1983)
Robert C. DAVIDGE and Margie Ann Davidge
v.
H & H CONSTRUCTION COMPANY, Steve Hatcher and Frank Hatcher.
No. 82 CA 0689.
Court of Appeal of Louisiana, First Circuit.
May 17, 1983.
*394 Roger M. Fritchie, Baton Rouge, for plaintiffs-appellees Robert C. Davidge, et al.
Robert L. Kleinpeter, Baton Rouge, for defendants-appellants H & H Const. Co., et al.
Before PONDER, SAVOIE and CRAIN, JJ.
PONDER, Judge.
Defendants appealed the judgment holding them liable for the cost of repairing defective work and for attorney fees.
The issues are whether the agreement was a contract to build or a contract of sale, the existence of defective workmanship and attorney fees.
We amend and affirm.
Plaintiffs, Robert C. Davidge and Margie Ann Davidge, contracted with defendant, H & H Construction Company, a partnership composed of Steve Hatcher and Frank Hatcher, for the purchase of a home to be constructed by defendants.
There arose during construction problems concerning kitchen and bath cabinets. Despite attempts by the defendants to correct the alleged deficiencies, plaintiffs found the cabinet work unacceptable, replaced all the kitchen cabinets themselves and filed suit seeking a reduction in the purchase price, damages and attorney fees.
The trial court found the cabinet work defective and awarded plaintiffs $2,207.64 as the cost of repair. The court additionally found the defendants were in the position of manufacturers liable for attorney fees within the meaning of the Civil Code articles on redhibition, and awarded plaintiffs $1,500.00 in attorney fees.
Defendants initially argue that the trial court incorrectly applied the codal articles on redhibition since their agreement with plaintiffs was a contract to build and not a contract of sale. We agree.
The parties contracted for the construction of the house by defendants according to plans and specifications prepared by Steve Hatcher. Modifications of the plans were made during construction, including an agreement to change the design on the cabinets. The sale of the house and lot was for a sum of money agreed upon prior to beginning construction of the house.
The facts support a contractor-owner relationship rather than a vendor-vendee one. Wurst v. Pruyn, 250 La. 1109, 202 So.2d 268 (1967); Henson v. Gonzalez, 326 So.2d 396 (La.App. 1st Cir.1976). The principles for an action for redhibition or a reduction in price are inapplicable.
Defendants next argue that they are not liable for the cost of repairing defective work when upon acceptance of the work, the defects are visible and discoverable upon simple inspection.
An unqualified acceptance of work under a construction contract prevents an owner from recovering the cost of remedying defective work, but acceptance with the understanding that certain defects or deficiencies will be corrected will not bar recovery. Brouillette v. Consolidated Construction Company of Florida, Inc., 422 So.2d 176 (La.App. 1st Cir.1982); Hemenway Company, Inc. v. Bartex, Inc. of Texas, 373 So.2d 1356 (La.App. 1st Cir.), writ denied, 376 So.2d 1272 (La.1979).
*395 The quality of the cabinet work was discussed at great lengths prior to, during and after construction of the house. Attempts were made by the defendants following the sale to satisfy the complaints of the plaintiffs. Plaintiffs stated they were repeatedly reassured that problems with the cabinets would be fixed. Frank Hatcher testified that defendants contemplated a punch list of minor problems to be corrected after the sale. The continued communications and efforts to correct the problems with the cabinets indicate that acceptance of the construction was qualified.
Implicit in every building contract is the requirement that the work shall be performed in a good, workmanlike manner, free from defects in material and workmanship. Troy v. Bretz, 399 So.2d 667 (La.App. 1st Cir.1981). The contractor is liable for failure to perform properly. La.C.C. art. 2769.[1]
Plaintiffs testified that the routing design on the doors was irregular, the finish was rough and unsanded, the hinges were not aligned and were coming off, doors were warped and the wood in the doors and drawer fronts did not match the framework. Defendants contend, however, that the cabinet work was not defective but that plaintiffs merely changed their minds as to what they wanted. They testified that the problems with the cabinets arose after the sale when Mrs. Davidge took off the doors and drawer fronts to strip and repaint them.
Alfred Pickett, plaintiffs' neighbor and expert in the field of construction, testified he saw the cabinets in the house at the time it was sold. He stated the cabinets were not all made of the same wood and that there were problems with the fit and finish of the cabinets. Cracks were readily apparent and the finish was rough and gritty with runs and drips. He particularly noticed that the hinges were not even. In his opinion, the cabinet work was not acceptable.
We find no manifest error in the trial court's determination that the cabinet work was defective.
The trial court awarded $1,500.00 for the cost of replacing the cabinet doors and drawer fronts, $670.00 for finishing work and $37.64 for incidentals, for a total amount of $2,207.64. Douglas Vicknair, the cabinet maker who built the replacement cabinets, testified that the new cabinets had raised panels and were of a better quality than those that were replaced. He stated that the raised panels added approximately $500.00 to the cost. We believe that amount should have been deducted. The amount of damages is amended to $1707.64.
Defendants' last contention is that the trial court erred in awarding attorney fees. Defendants' argument has merit.
Attorney fees are not allowed unless they are particularly authorized by law or by contract between the parties. Hernandez v. Harson, 237 La. 389, 111 So.2d 320 (1959); General Motors Acceptance Corporation v. Meyers, 385 So.2d 245 (La.1980).
Counsel for both parties introduced a copy of the purchase agreement into evidence as a joint exhibit. The original document had provided for attorney fees but a line was drawn through that provision. There were several other changes and modifications in the printed form, none of which was ever mentioned at trial.
Plaintiffs could have objected to the admission of the agreement but, in fact, joined in the exhibit. We find its introduction amounted to an agreed statement of facts as to the content of the purchase agreement. Plaintiffs are barred from urging that attorney fees are permitted under the contract.
For the above reasons, the judgment is amended to reduce the award to $1,707.64 and to eliminate the attorney fees, and as *396 amended is affirmed. Costs of the appeal are to be shared equally.
AMENDED AND AFFIRMED.
NOTES
[1] La.C.C. art. 2769:

"If an undertaker fails to do the work he has contracted to do, or if he does not execute it in the manner and at the time he has agreed to do it, he should be liable in damages for the losses that may ensue from his non-compliance with his contract."