ARMSTRONG, Judge.
In August of 1979 Gallagher Transfer & Storage Company, Inc. (“Gallagher”) entered into a contract with E.C. Schafer Construction Company, Inc. and Brown Commercial Construction Inc., a joint venture (“Joint Venture”), for the construction of a metal warehouse on Elysian Fields Avenue, in New Orleans. The construction price was $852,000.00.
In August of 1980, Joint Venture completed the majority of the construction work. On September 22, 1980, Gallagher signed an acceptance of work certificate which stated that Gallagher “found the construction to have been completed to [its] satisfaction in a good and workmanlike manner and have fully accepted same with the following exceptions:” There were eight exceptions listed on that certificate, constituting work which remained to be completed. The eighth exception was “Repair valley gutter by welding small valley 2" wide into downspouts ...” On October 28, 1980 a second acceptance certificate was executed by Gallagher. That certificate included the following language: “Whereas the said E.C. Schaefer Construction Co., Inc. and Brown Commercial Construction Inc. have substantially completed everything required of them to be done by said contract, Gallagher Transfer and Storage Company, Inc., hereby accepts the work done by them ...” The October 28, 1980 certificate did not list any remaining items of work to be completed.
On December 1, 1980, Joint Venture applied to Gallagher for final payment in the amount of $76,267.73. Gallagher paid Joint Venture $51,848.73 but retained $24,415.00 claiming that there was still some work to be completed on the warehouse, and that some of the work was defective.
Thereafter Joint Venture filed suit against Gallagher alleging that the job was completed according to the contract and duly accepted. Gallagher answered that petition and filed a reconventional demand asserting that Joint Venture had breached the contract by failing to complete the work.
A trial on the merits was held and on April 30, 1984, judgment was rendered in favor of Joint Venture “in the sum of Twenty-Four Thousand Four Hundred Fifteen Dollars ($24,415.00), less credit in the sum of ($500.00) awarded Gallagher Transfer and Storage, Inc., for defective work, leaving a balance of TWENTY-THREE THOUSAND NINE HUNDRED FIFTEEN DOLLARS ($23,915.00) ...”
*350 Thereafter Gallagher filed a motion for a new trial. A hearing was held on that motion on April 11, 1985 and on April 29, 1985 judgment was rendered denying that motion.
Gallagher appeals the April 30, 1984 judgment and the denial of its motion for a new trial.
Gallagher claims that it did not accept the work as complete, and that Joint Venture failed to complete the contract in a workmanlike manner. Gallagher’s claim centers around a gutter which is composed of ungalvanized steel making it subject to rust and corrosion, which causes holes in the gutter, resulting in leakage when it rains.
An unqualified acceptance of work under a construction contract prevents an owner from recovering the cost Of remedying defective work, but acceptance with the understanding that certain defects or deficiencies will be corrected will not bar recovery. Brouillette v. Consolidated Construction Company of Florida, Inc., 422 So.2d 176 (La.App. 1st Cir. 1982); Hemenway Company, Inc. v. Bartex Inc. of Texas, 373 So.2d 1356 (La.App. 1st Cir.), writ denied, 376 So.2d 1272 (La.1979).
Davidge v. H & H Construction Co., 432 So.2d 393, 394 (La.App. 1st Cir.1983).
The record reflects that the only reference on the list of exceptions which mentioned a gutter was number 8, which specified that Joint Venture would be required to “Repair valley gutter by welding small valley 2" wide into downspouts ...” E.C. Schaefer, president of E.C. Schaefer Construction Company testified that gutter was repaired as specified. Mr. G.I. Mas-son, Gallagher’s consulting engineer on the project, also confirmed that those repairs were made. Furthermore Mr. Masson testified that there was nothing in the plans and specifications for the building gutter which required that the gutter be composed of any particular material.
Appellant argues however that the plans and specifications did indicate that the roof was to be composed of galvanized steel, that the gutter is an integral part of the roof, and therefore the gutter should have been composed of galvanized steel. It is apparent that the trial court made a factual determination that the gutter was not a part of the roof. In the absence of manifest error this court should not disturb the trial court’s finding of fact. Canter v. Koehring Co., 283 So.2d 716 (La.1973).
A review of the testimony and evidence available to this court does show that Gallagher simply did not prove its claim that Joint Venture did not complete the work and that the work itself was defective.
With respect to Gallagher’s claim that it should have been granted a new trial, we must disagree. Gallagher based its motion for a new trial on the discovery of new evidence.
LSA-C.Civ.Pro. Art. 1972 provides: “A new trial shall be granted, upon contradictory motion of any party, in the following cases: ... (2) When the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial.” “A new trial should be granted when there is newly discovered evidence which is not cumulative and which would tend to change the result of the case, and which the party could not know nor could not have discovered before or during trial with due diligence.” Barker v. Rust Engineering Co., 428 So.2d 391, 394 (La.1983) (footnote omitted).
A review of the evidence presented at the hearing on the motion for a new trial reveals that it was entirely cumulative. Clearly the trial judge was of the opinion that the evidence presented would not change the outcome of the case. We agree with that assessment.
For the foregoing reasons the judgment of the trial court is affirmed.

AFFIRMED.