580 So.2d 1068 (1991)
Leonard P. LARKINS and his Wife, Deborah L. Larkins
v.
CAGE CONTRACTORS, INC., Norman Hoo and ABC Insurance Company.
No. 90-CA-0979.
Court of Appeal of Louisiana, Fourth Circuit.
May 30, 1991.
*1069 Favret, Favret, Demarest & Russo, Edward J. Rivera, New Orleans, for plaintiffs-appellants Leonard P. Larkins and his Wife, Deborah L. Larkins.
Dymond, Crull & Castaing, Edward J. Castaing, Jr., New Orleans, for defendant-appellant Cage Contractors, Inc.
Before KLEES, LOBRANO and WARD, JJ.
KLEES, Judge.
The purchasers of a new home brought this action against the defendant/contractor for defective workmanship in the construction of the house. The trial court granted plaintiffs recovery for three of the seventy-one alleged defects. Both plaintiffs and defendant have appealed.
On May 16, 1985, plaintiffs, Leonard and Deborah Larkins, contracted with defendant, Cage Contractors, Inc., for the purchase of a home to be constructed by defendant according to plans and specifications prepared by Norman Hoo, a designer who was released as a named defendant at trial. The sale of the house and lot was for an amount agreed upon prior to the beginning of construction. Construction of the house was completed in February of 1986. Approximately one week prior to the act of sale, plaintiffs and defendant inspected the house. Plaintiffs claim that a number of defects were noted and that defendant compiled a "punch list" of these items needing repair. Plaintiffs also claim that defendant assured them that these items would be repaired. Defendant, on the other hand, claims that no defects were found during this inspection, no such "punch list" was prepared, and the house was in excellent condition. The act of sale was passed on February 28, 1986, and plaintiffs moved in with no repair work having been done. Plaintiffs also claim that numerous other defects were discovered subsequent to moving in, and a few months after the sale, defendant was notified three to four times of items needing repair and he corrected them. Plaintiffs had Andrew Polmer inspect their house and compile a list of items needing repair. Plaintiffs then filed suit against defendant alleging that the house contained approximately seventy-one defects which were due to the defendant's bad workmanship. Plaintiffs sued for breach of the building contract, or in the alternative in redhibition or quanti minoris.
In February of 1989, the commissioner heard the testimony and awarded plaintiffs $2,260.00 for some of the defects as well as $750 in expert fees, and denied recovery for the remainder of plaintiff's claims. The trial court approved the commissioner's findings.
Plaintiffs have appealed the court's failure to award recovery for other items of damages. Defendant has also appealed, assigning as error the trial court's ruling that defendant is in any way liable to plaintiffs. Defendant contends that these items were not defective, arose after the act of sale and acceptance of the house, or were apparent upon inspection.
Contracts to build are governed by La.C.C. art. 2769. Implicit in every building contract is the requirement that the work be performed in a good, workmanlike manner, free from defects in material and workmanship. A contractor is liable for damages suffered by an owner for the losses suffered by the owner which resulted from the contractor's non-compliance with the contract. An owner seeking to recover from a contractor has the burden of proving both the existence and nature of defects due to faulty materials or workmanship and the cost of repairing the defects. Brouillette v. Consolidated Construction Co. of Florida, Inc., 422 So.2d 176 (La.App. 1st Cir.1982); Trahan v. Broussard, 399 So.2d 782 (La.App. 3rd Cir. 1981). Even if the owner proves the existence and nature of the defects and the cost of repairing them, he is nevertheless barred from recovering the cost thereof if he accepted the work despite the patent defects or imperfections discoverable upon reasonable inspection. Furthermore, an unqualified acceptance by an owner bars *1070 recovery for apparent defects, but acceptance with the understanding that certain defects or deficiencies will be corrected will not bar recovery. Davidge v. H & H Construction Co., 432 So.2d 393 (La.App. 1st Cir.1983); Brouillette, supra.
Plaintiffs claim that their act of moving in within one hour of the act of sale did not constitute an unconditional acceptance. They claim that they had to move in because they sold their other house and had to vacate it. Furthermore, the contractor's assurance that the defective items would be repaired qualified the acceptance. Plaintiffs further claim that the term "acceptance" in building contracts means written acceptance, which does not exist in this case. Plaintiffs rely on Brouillette and Davidge which support the proposition that acceptance of work under a construction contract with the understanding that certain defects or deficiencies will be corrected will not bar recovery. However, in both of those cases, plaintiffs proved that "punch lists" were prepared and defendants assured them that the defects complained of would be corrected. In the case at bar there was no such evidentiary proof that the plaintiffs' acceptance was qualified. Although plaintiffs are correct in saying that there is no requirement in Louisiana that a qualified acceptance be reduced to writing, plaintiffs still must prove that their acceptance, oral or written, is a qualified acceptance. They failed in this regard. Furthermore, even if plaintiffs' acceptance was qualified, they failed to prove the initial burden that the defects existed due to the faulty workmanship of the defendant.
Defendant alleges that the trial court erred in awarding expert witness fees. We disagree. The plaintiff recovered for some of the damages sought and the award for expert fees was appropriate. The trial court has much discretion in awarding fees and we affirm this finding. Nunez v. St. Bernard Parish Fire Department, 519 So.2d 857 (La.App. 4th Cir.1988); Baker v. Marcello, 533 So.2d 1057 (La. App. 4th Cir.1988).
Major conflicts exist between the testimony of plaintiffs and defendant. The trier of fact is vested with much discretion in assessing the credibility of the parties and witnesses because he is in the best position to view their demeanor and make credibility calls. Rosell v. ESCO, 549 So.2d 840 (La.1989); Canter v. Koehring Co., 283 So.2d 716 (La.1973); Arceneaux v. Dominigue, 365 So.2d 1330 (La.1978). Our review of the record establishes that the findings on the law and evidence which were adopted by the trial court are not clearly wrong and we conclude that there was no manifest error in this determination.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.