648 So.2d 500 (1994)
David C. WEST, Sr.
v.
Mr. and Mrs. Emerson COLLINS.
No. 94-CA-0682.
Court of Appeal of Louisiana, Fourth Circuit.
December 28, 1994.
*501 André P. Guichard, Darleen M. Jacobs, Law Offices of Darleen M. Jacobs, New Orleans, for plaintiff/appellant, David C. West, Sr.
George W. Healy, IV, Lisa M. Watkinson, New Orleans, for defendants/appellees, Mr. and Mrs. Emerson Collins.
Before KLEES, ARMSTRONG and LANDRIEU, JJ.
LANDRIEU, Judge.
In March 1989, David West contracted with Mr. and Mrs. Emerson Collins to repair and renovate the Collins' home. Among other things, the contract required West to level the house to the highest level, build a closet in a rear bedroom, install a new concrete floor in the den, wallpaper, paint, and construct a half-bath and a shower stall. An "addendum" contract contained an agreement to reconstruct a rear room in the house and to build a large clothes closet.
The contract price was $26,068.00 and the addendum contract price was $4,432.61, for a total of $30,500.61, with $16,000 payable in installments while the work was in progress and the remainder payable in fifteen monthly installments after the conclusion of the work. The contract stated that the job would take approximately seven weeks. In fact, the job took eleven months and the Collins' claim it was never completed.
Mr. Collins paid West $16,000 according to the contract. Mr. Collins also claims to have paid West two of the installment payments of $716.58, for a total of $17,433.16. West, however, claims that Mr. Collins paid $18,144.59. After March 1990, Mr. Collins made no further payments. In August 1990, Mr. West filed suit seeking the balance owed on the contracts of $12,144.59. The Collins' filed a reconventional claim for $23,225.00 representing the cost of repairing the defective work and putting their home in the condition it would be if the contract had been successfully completed.
After a trial on the merits, the trial court found that a valid contract and addendum totalling $30,500.61 existed, but that much of the work done by Mr. West was defective. Accordingly, the trial court awarded West the balance due on the contract of $12,144.59 and awarded the Collins' $23,225.00 (representing the cost of putting their home in the condition it would be if the contract had been successfully completed). See Ducote v. Arnold, 416 So.2d 180, 182 (La.App. 4th Cir.1982) (Where there is substantial performance of a contract for home repairs the contractor is entitled to recover the contract price reduced by the amount necessary to complete the work and repair any defects in the work done). West appeals this judgment raising two assignments of error.
First, West claims that the trial court's finding that the work was defective was manifestly erroneous because the testimony of the defendants was internally inconsistent. He cites examples of the purported internal inconsistencies such as the defendants' testimony that they wanted the addition of a bathroom but succumbed to a complete restoration based solely on the recommendations *502 of the contractor,[1] that they wanted their home levelled but contend that the house was in a level condition before the work was done, that Mr. Collins testified that his home was in "pretty good shape" but let Mr. West do $30,000 worth of work on it, and that Mr. Collins' testified that he was dissatisfied with the work from the beginning but paid the contractor every time payment was demanded.
Where the testimony of expert witnesses differ, it is the responsibility of the trier of fact to determine which evidence is the most credible. See Sistler v. Liberty Mutual Insurance Co., 558 So.2d 1106, 1111 (La.1990). In this case, the trial court heard both plaintiff and defense expert witnesses, as well as other testimony, pertaining to the quality of the repairs and renovations undertaken by West. Based upon this evidence, the trial court determined that those repairs and renovations were defective. After a thorough review of the record, we do not find that the trial court's determination was clearly erroneous or manifestly wrong.
Next, West claims that the defendants were barred from any recovery because they paid for and accepted work which had apparent defects. He contends that the defendants' failure to tender a corrections "punchlist" to him at any time during the eleven month project and their payments to him on demand constituted acceptance of the work and therefore they are estopped from subsequently claiming damages. West cites Larkins v. Cage Contractors, Inc., 580 So.2d 1068, 1069 (La.App. 4th Cir.1991), in support of this contention. That case states in part that "[e]ven if the owner proves the existence of and nature of the defects and the cost of repairing them, he is nevertheless barred from recovering the cost thereof if he accepted the work despite the patent defects of imperfections discoverable upon reasonable inspection." However, Larkins goes on to state that "an unqualified acceptance by an owner bars recovery for apparent defects, but acceptance with the understanding that certain defects of deficiencies will be corrected will not bar recovery" and continued communication and efforts to correct the problems, as well as a contractor's assurance to defects would be repaired, indicate that acceptance of the construction is qualified and this qualified acceptance can be either oral or written. Id. at 1070 (citations omitted).
Mr. Collins testified that he verbally complained numerous times to West about things that were not satisfactory, that he and Mr. West had discussions every time a complaint arose, and that West always assured him that the work would turn out satisfactorily. As a result, the acceptance of the work by the Collins' was qualified and did not bar them from recovering the cost of remedying the defective work. Accordingly, this assignment of error is without merit.
The defendants answered this appeal seeking damages for a frivolous appeal which they claim was filed only to delay payment. Damages for a frivolous appeal are appropriate when it is clear that appeal was taken for purpose of delay or when it is evident that appellant's counsel does not seriously advocate the position taken. In re Medical Review Panel for Claim of Brunet, 578 So.2d 1011, 1013 (La.App. 4th Cir.1991). We do not believe that damages are appropriate in this case.
For the forgoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
ARMSTRONG, J., dissents.
ARMSTRONG, Judge, dissenting.
I respectfully dissent because I believe that there was an acceptance of the work, with any imperfections being readily apparent, so that the Collinses are barred from recovering any damages resulting from any such imperfections. Larkins v. Cage Contractors, Inc., 580 So.2d 1068 (La.App. 4th Cir.1991). The trial court's Reasons For Judgment do not address this acceptance so we do not have a factual finding on point to *503 review. However, the record does support West's acceptance argument.
The contract called for part of its price to be paid in a number of payments during construction. The Collinses made all of those during-construction payments. The contract called for the remainder of its price to be paid in installments after completion of the work. The Collinses made the first three of these post-completion payments. (The record does not show how or why the Collinses stopped making those post-completion payments.) It is apparent that, by making all the during-construction payments, and then making the first three post-completion payments, the Collinses accepted the work.
That acceptance was not qualified by any agreement or understanding that any imperfections that remained at that time would be remedied by West. Earlier, during the construction, especially the earlier part of the construction, there had been complaints by the Collinses which were addressed by West. However, later, the Collinses paid all of the during-construction payments and began payment of the post-completion payments.
Further, during the construction, West invited the Collinses to draw up and give to him a "punch list" of imperfections to be dealt with. The Collinses never did so. Thus, the Collinses were expressly offered a means by which to qualify their acceptance and failed to make use of it.
The trial court found West was owed about $12,356.02 on the contract. However, the trial court also found that the Collinses were entitled to damages for imperfections which damages exceeded the balance of the contract price. As I believe that, pursuant to Larkins, the Collinses are barred by their acceptance from asserting any such damages, I would hold that West is entitled to recover the balance of the contract price and that the Collinses may not recover any damages from West.
NOTES
[1] The Collins' claim they initially wanted a bathroom installed but recognized that other repairs were needed and asked Mr. West to inspect their home and make recommendations prior to the drawing of the contract.