662 So.2d 82 (1995)
SUCCESSION OF Ella Vivian LANE, Widow of Eugene V. Macon.
No. 95-CA-0558.
Court of Appeal of Louisiana, Fourth Circuit.
September 28, 1995.
*83 Many & LoCoco, Vincent T. LoCoco, Vincent B. LoCoco, New Orleans, for Appellant, Brooks.
Robert W. "Doc" Booksh, Jr., New Orleans, for Appellee, Macon.
Trapolin Law Firm, Ivor A. Trapolin, New Orleans, for Appellee, Hibernia National Bank.
Before BARRY, JONES and LANDRIEU, JJ.
BARRY, Judge.
Patricia Macon Brooks appeals a summary judgment. Mrs. Brooks filed a petition which attempted to include her deceased mother's $592,089.32 life insurance policy in the estate. She also sought to collate life insurance proceeds which went to her three siblings as beneficiaries. The testamentary executor, Hibernia National Bank, and a sister of Mrs. Brooks, Terry Macon, answered the appeal. In a prior summary judgment Mrs. Brooks was recognized as a forced heir with a one-eighth interest in the estate pursuant to a petition for reduction of excessive donations mortis causa made to her siblings, Lonny Macon, Connie Macon Matthews, and Terry Macon Baxter (Terry Macon). We affirm.

APPEAL OF SUMMARY JUDGMENT
Defendants, Hibernia National Bank, Mrs. Macon's testamentary executor, and Terry Macon, filed motions for summary judgment, sanctions, attorney's fees and costs.[1] Hibernia supported its motion with a copy of the policy and an affidavit from Ivor Trapolin, its attorney, who declared that on October 17, 1984 Eugene and Ella Macon purchased a $500,000 whole life insurance policy from New York Life Insurance Company. Ella Macon was the insured and owner of the policy. The $123,900 one time payment was made and dividends paid the annual premiums.
Mrs. Brooks opposed the motions and attached as exhibits: an excerpt from Succession of Lauga, 624 So.2d 1156 (La.1993); an affidavit by J. Hampden White, a life insurance broker, relating to the use of life insurance policies to avoid forced heirship; Mrs. Brooks' affidavit which declared her mother's intent to deprive her of her forced portion; Ella Macon's federal estate tax return; correspondence by Ivor Trapolin; and other documents.
*84 Appellate courts review a summary judgment de novo under the same criteria governing the trial court's determination of whether a summary judgment is appropriate. Guillory v. Interstate Gas Station, 94-1767 (La. 3/30/95), 653 So.2d 1152. A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, admissions and affidavits, if any, show there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966; Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991).
Life insurance is sui generis in Louisiana. It is settled that life insurance proceeds payable to a named beneficiary other than the insured's estate are not a part of the insured's estate. The proceeds are not subject to codal articles relating to donations inter vivos or mortis causa or the principles of forced heirship found in the constitution. T.L. James & Co., Inc. v. Montgomery, 332 So.2d 834 (La.1975); Kambur v. Kambur, 94-775 (La.App. 5th Cir. 3/1/95), 652 So.2d 99. See La.R.S. 22:647; R.S. 22:1521. La. C.C. art. 1505 provides in pertinent part:
A. To determine the reduction to which the donations, either inter vivos or mortis causa, are liable, an aggregate is formed of all the property belonging to the donor or testator at the time of his decease; to that is fictitiously added the property disposed of by donation inter vivos, according to its value at the time of the donor's decease, in the state in which it was at the period of the donation.
* * * * * *
C. Neither the premiums paid for insurance on the life of the donor nor the proceeds paid pursuant to such coverage shall be included in the above calculation....
There are no genuine issues of material fact. Succession of Lauga, 624 So.2d at 1156, and Succession of Terry, 624 So.2d 1201 (La.1993), relied on by Mrs. Brooks, do not involve life insurance policies.
Summary judgment was proper.

ANSWERS TO APPEAL
In their answers to the appeal Hibernia and Terry Macon argue that the trial court erred by not granting attorney's fees and costs and request attorney's fees and costs for this alleged frivolous appeal, as well as the increased costs for the succession proceeding, as a result of Mrs. Brooks' claims made below.
Mrs. Brooks filed a motion to dismiss the answers to appeal which lacks merit. The summary judgment did not grant sanctions, attorney's fees and costs, but they were requested. When a judgment is silent as to part of the relief requested, the judgment is deemed to have denied that relief. Guaranty Bank & Trust Co. of Alexandria, Louisiana v. Carter, 394 So.2d 701 (La.App. 3rd Cir.1981), writ denied, 399 So.2d 599 (La.1981); Leny v. Friedman, 372 So.2d 721 (La.App. 4th Cir.1979), writ denied, 375 So.2d 943 (La.1979). The answer to the appeal was the proper vehicle to request damages for a frivolous appeal. State in Interest of Muse v. Ross, 26,554 (La.App. 2nd Cir. 8/4/94), 641 So.2d 721. Mrs. Brooks' motion to dismiss the answers to the appeal is denied.
The granting of costs and attorney's fees is within the trial court's sound discretion. State through Department of Transportation and Development v. Winn, 463 So.2d 648 (La.App. 4th Cir.1984). The trial court did not abuse its discretion.
Damages for a frivolous appeal are appropriate when it is clear that the appeal was taken solely for the purpose of delay or when it is evident that counsel does not seriously advocate the position taken. West v. Collins, 94-0682 (La.App. 4th Cir. 12/28/94), 648 So.2d 500. We decline to award damages.
The summary judgment is affirmed.
AFFIRMED.
NOTES
[1] The judgment included other matters. The judgment did not mention the motion for sanctions, attorney's fees and costs.