693 So.2d 158 (1996)
ROBERTSON ROOFING & SIDING, INC.
v.
Dr. and Mrs. Samuel E. GREENBERG.
No. 96-CA-107.
Court of Appeal of Louisiana, Fifth Circuit.
May 28, 1996.
Order Granting Rehearing July 2, 1996.
Eugene M. McEachin, Jr., Howard B. Kaplan, Bernard, Cassia & Elliott, Metairie, for Plaintiff/Appellant, Robertson Roofing & Siding, Inc.
Michael H. Rasch, Dunn & Rasch, Metairie, for Defendants/Appellees, Dr. and Mrs. Samuel E. Greenberg.
Before BOWES, DUFRESNE and WICKER, JJ.
WICKER, Judge.
This appeal arises from suit to enforce a lien filed on behalf of plaintiff/appellant, Robertson Roofing & Siding, Inc., (Robertson) against defendants/appellees, Dr. and Mrs. Samuel E. Greenberg (the Greenbergs). Although Robertson styled its petition as a suit to enforce a lien, the relief actually sought was the payment of the amount allegedly due under a roofing contract. Robertson argues in brief inter alia the evidence at trial supports its suit to enforce a lien. However, we note that although it was stipulated a lien existed, no documentation was introduced into evidence at trial to show whether all of the requirements of the Private Works Act[1] were met. For example, there is no description of the property upon which the lien is claimed. Additionally, the trial judge did not consider the action as a suit to enforce a lien but rendered judgment regarding Robertson's entitlement to payment under the contract. Robertson alleged it was entitled to judgment in the amount of $25,534.00 for installation of a roof, recordation costs, attorney's fees, costs and interest. The Greenbergs pled the affirmative defenses of extinguishment and estoppel. They alleged the roof failed causing considerable damage. *159 The trial judge rendered judgment in favor of the Greenbergs and dismissed Robertson's suit. Robertson now appeals. We reverse and render.
We note at the outset that Robertson specifies as error the trial judge's failure to apply the doctrine of res judicata to the factual findings of the jury. The record was supplemented on appeal with the jury verdict and judgment in the proceedings entitled, "Dr. & Mrs. Samuel E. Greenberg v. Robertson Roofing, et. al" No. 428-129 of the 24th Judicial District Court. It was stipulated at trial that the instant case was consolidated with case No. 428-129. It is evident from the transcript before this court that the Greenbergs' action for damages and Robertson's suit for payment of the roof were tried together. The record also reveals that two separate judgments were rendered. The first judgment was that of the jury verdict. In No. 428-129 the jury returned a verdict finding the homeowners to be 90% negligent and the roofing company to be 10% negligent. Damages were awarded in the amount of $72,878.00 subject to the apportionment. The trial judge rendered a judgment on February 2, 1995 in conformity with the jury verdict and ordered the roofing company to pay $7,287.00, interest and costs, in damages. There is no appeal before this court from the judgment of February 2, 1995. That record is not before the court.
On April 6, 1995 the trial judge rendered his judgment in the instant case, Robertson Roofing and Siding, Inc. v. Dr. and Mrs. Samuel E. Greenberg, No. 428-193. He found in favor of the Greenbergs and dismissed Robertson's claim for payment. The trial judge reasoned:
This court holds that the Greenbergs are not responsible for payment to Robertson under the roofing contract. This court is of the opinion that the contract was breached by Robertson by the negligent application of the roof. This court feels that it would be unjust for the Greenbergs to be required to pay for services which in fact caused them sustantial[sic] damage. CLB Enterprises, Inc. v. Kittok, 575 So.2d 834 (La.App. 5th Cir., 1991).
Robertson argues the jury's factual findings regarding the apportionment of negligence have res judicata effect. However, no exception of res judicata was filed below. Additionally, appellant only raises a res judicata argument in brief; it has not specially pled this peremptory exception. La.Code Civ.P. art. 927(B) provides in part: "The court cannot supply the objections of prescription and res judicata, which must be specially pleaded." La.Code Civ.P. art. 2163 provides in pertinent part:
The appellate court may consider the peremptory exception filed for the first time in that court, if pleaded prior to submission of the case for a decision, and if proof of the ground of the exception appears of record [emphasis added.]
We have held that the peremptory exception of prescription, which must also be specially pleaded "must be presented in a formal pleading and cannot merely be argued in brief." Cajun Elec. Power v. Owens-Corning, 580 So.2d 465 (La.App. 5th Cir.1991). Since Robertson has not filed an exception of res judicata with this court, this issue is not properly before the court. Additionally, since no exception was raised below, we cannot say the trial judge erred in failing to consider such an exception.
Even assuming the exception was properly raised in this court for the first time we would decline to consider it because "proof of the ground of the exception [does not appear] of record." La.Code Civ.P. art. 2163.[2]
*160 At trial the parties stipulated that the Greenbergs entered into a contract with Robertson on August 28, 1991; that no payments were made by the Greenbergs to Robertson; that the work on the contract began August 28, 1991 and ended October 25, 1991; that on November 25, 1991 Robertson recorded a lien affidavit[3] which is recorded in mortgage book 3076 folio three, and that the amount of the lien is $25,534.00, attorney's fees and recording costs.
Robertson argues it is entitled to payment for substantially completing the roof, less any costs for repair. It asserts the record reveals that there was no evidence repairs were needed nor were there estimates of costs for repair. It additionally reargues the res judicata effect of the jury verdict in that the Greenbergs have been fully compensated by the insurer. There is nothing in the record before us showing the Greenbergs have been fully compensated by Robertson's insurer. We have previously addressed the assertion of the res judicata effect of the jury verdict and now turn to a discussion of whether the trial judge was manifestly erroneous in dismissing Robertson's claim.
Although the trial judge considered the negligence action in his reasons for judgment, this petition was not before him. It is undisputed that the only matter before him was Robertson's suit to collect on the contract. Appellant correctly argues in brief that the test to be used by the trial judge was whether the contract was substantially completed.
West v. Collins, 648 So.2d 500 (La.App. 4th Cir.1994) concerned a contract to repair and renovate a home. The homeowners failed to pay the complete balance. The contractor filed suit for the balance and the homeowners sought the costs of repair. The trial court awarded the contract balance but also awarded the homeowners costs for repair. The appellate court recognized at 501 that:
Where there is substantial performance of a contract for home repairs the contractor is entitled to recover the contract price reduced by the amount necessary to complete *161 the work and repair any defects in the work done.
The West court upheld the trial court's credibility determination relative to the inconsistent expert testimony. In West the damages for the imperfections exceeded the balance due under the contract.
Also instructive are the cases of O & M Const., Inc. v. State, Div. of Admin., 576 So.2d 1030 (La.App. 1st Cir.1991), writ denied, 581 So.2d 691 (La.1991) and Salard v. Jim Walter Homes, Inc., 563 So.2d 1327 (La.App. 3rd Cir.1990). In O & M Const., Inc. the court held at 1039:
Where remedial work is required to complete a project in accordance with plans and specifications, the cost of such remedial work must be borne by the party at fault ...
A party seeking to have the contract price reduced by an amount to perfect or complete work done under the contract bears the burden of proving the necessity of such perfection or completion and its cost ...
In Salard the court held at 1330-1331:
when a contractor has substantially performed a building contract, despite the fact that certain defects are present, he is entitled to recover the contract price, and the owner is limited to having the price reduced by the amount necessary to perfect or complete the work. If the building contract has not been substantially performed, the contractor is limited to quantum meruit ... Substantial performance exists when the thing constructed may be used for the purposes intended even though certain defects or omissions are present. It is a factual determination to be made on the basis of the extent of the defect or non-performance, the degree to which the purpose of the contract is defeated, the ease of correction and the use or benefit to the owner of the work performed... "substantial performance by a contractor is readily found, despite the existence of a large number of defects in both material and workmanship, unless the structure is totally unfit for the purpose for which it ... was originally intended." [quoting Neel v. O'Quinn, 313 So.2d 286, 291 (La.App. 3rd Cir.1975), writ denied, 319 So.2d 440 (La.1975)].
In Neel substantial compliance was found where the owners occupied the building through the date of trial. Similarly, the testimony at trial reveals that the Greenbergs have continued to live in the house without undertaking any roofing repairs.
Here the trial judge relied on the case of CLB Enterprises, Inc. v. Kittok, 575 So.2d 834 (La.App. 5th Cir.1991). In that case we dismissed a claim by a swimming pool company against homeowners "because the work was so defective (after much advance warning) as to be practically useless." Id. at 838. Thus, the trial judge evidently concluded the roof was totally unfit for its intended purpose in accordance with Salard, supra. That conclusion is manifestly erroneous.
Leonard Beller, an expert in architecture and roofing, testified on behalf of the Greenbergs. He stated the roof was unacceptable. Mrs. Greenberg testified that on March 13, 1992 she called Guy Huffine, a roofer, to come to the house because of leaking problems. She testified he inspected the roof and told her it could not be fixed without doing a complete roof. Huffine testified differently.
Huffine stated that he received a call from Mrs. Greenberg in March 1992 concerning leaks in the house. She told him the house was being flooded. He went to the house on March 13, 1992 when it was storming. He inspected the roof and found the roof was not leaking. Everything on the roof was sealed properly. He discovered the leaking was coming from an awning over a window which had not been caulked. There were also holes in the brick. He noticed leaks in the house but no flooding.
Richard Allen, an expert in roofing and roofing application, also testified for the Greenbergs. He first inspected the roof and the interior of the house on February 25, 1993. He concluded the application of the base flashing was installed improperly. Because of the improper application, a hard rain in these areas would cause the water to get in and ultimately leak into the house. He noted severe leaks in some of the areas of the house. He was present on the days flood *162 tests were done and noted leaking due to improper sealing of the roof. He noted the cap flashing was improperly installed. It would have to be taken off and completely redone. At present the water is getting behind the flashing.
He stated the installation of the roof did not conform to any of the minimum standards in the industry. He testified that currently there are existing leaks. He stated it would cost approximately $12,000 to repair the roof.
The trial judge correctly determined the roofing installation was improperly done. However, Allen, the Greenbergs' expert, testified the roof could be repaired at a cost of $12,000. His testimony was uncontradicted. Thus, the trial judge's conclusion that the roof was totally unfit and useless was not reasonable in view of this testimony and the undisputed evidence that the Greenbergs continued to reside in the house until trial. Stobart v. State Through Dept. of Transp. and Development, 617 So.2d 880 (La. 1993).
Under Salard, West, and Neel, Robertson is entitled to recover the contract price reduced by the amount necessary to repair the roof.
The original contract price was $24,500. However, Herman Diket, a supervisor on the job, testified other items were added to this cost which were also never paid. The amount of the total contract price reflected in the lien was stipulated to be $25,534. Remedial work will cost $12,000. Therefore, Robertson is entitled to payment of $13,534 on the contract.
Accordingly, for the reasons stated, the judgment dismissing the suit filed by Robertson Roofing & Siding, Inc. against Dr. and Mrs. Samuel E. Greenberg is reversed. Judgment is now rendered in favor of plaintiff, Robertson Roofing & Siding, Inc., and against the defendants, Dr. and Mrs. Samuel E. Greenberg, in the amount of $13,534.
Each party is to bear his own costs.
REVERSED AND RENDERED.

REHEARING GRANTED.
We grant rehearing for the limited purpose of addressing Robertson's contention it is entitled to contractual interest and attorney's fees. The issues raised in the application for rehearing were not specified as error nor briefed. Pursuant to Uniform Rules Courts of Appeal Rule 2-12.4:
The court may consider as abandoned any specification or assignment of error which has not been briefed.
See also, Milton v. Elmwood Care, Inc., 95-442 (La.App. 5th Cir. 10/31/95), 664 So.2d 503, 508; Rivnor Properties v. Herbert O'Donnell, Inc., 92-1103 (La.App. 5th Cir. 1/12/94), 633 So.2d 735.
Accordingly, the previously rendered judgment of this Court remains unchanged.
NOTES
[1] See La.R.S. 9:4801, et seq.
[2] Robertson argues the trial judge was bound to accept the findings of negligence by the jury under the principles of res judicata. It argues res judicata based on former La.Civ.Code art. 2286 which provided:

The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.
Article 2286 was redesignated as La.R.S. 13:4231 by Acts 1984, No. 331, § 7, effective January 1, 1985. It was amended by Acts 1990, No. 521, § 1, effective January 1, 1991. Furthermore, exceptions to 13:4231 were added by Acts 1990, No. 521, § 1, effective January 1, 1991 as La.R.S. 13:4232. Both 13:4231 and 13:4232 provide:
This Act shall become effective January 1, 1991, and shall apply to all civil actions filed on or after January 1, 1991. The preclusive effect and authority of a judgment rendered in an action filed before the effective date of this Act shall be determined by the law in effect prior to January 1, 1991.
The record before this court does not contain the pleadings of the action in case number 428-129. Thus, we are unable to determine which law is applicable nor are we able to determine the merits of the exception. The recent legislation states:
La.R.S. 13:4231 provides:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
La.R.S. 13:4232 provides in part:
A. A judgment does not bar another action by the plaintiff:
(1) When exceptional circumstances justify relief from the res judicata effect of the judgment;
(2) When the judgment dismissed the first action without prejudice; or,
(3) When the judgment reserved the right of the plaintiff to bring another action ...
Although Robertson argues the former legislation, the newer statutes may be controlling since the contract at issue in the instant case was executed on or about August 28, 1991. We can only speculate that a petition for damages by the Greenbergs based on this contract would have been filed after the effective date of the newer legislation.
The Greenbergs argue in brief that Robertson stipulated that the issues in the two lawsuits be tried separately by a judge and a jury. We find no stipulation in the record. However, we also note no objection by Robertson that the trial judge render a separate judgment on its request for payment.
[3] Robertson's counsel stated he would obtain a copy of the lien for the record, but no document was introduced into evidence. There was also no request that the matter be held open to allow its introduction.